IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ROBERT LATHEN,<br><br>    Defendant.<br>                                       / | No. CR 15-0443 WHA<br><br>**SCHEDULING ORDER**<br>**FOR CRIMINAL CASE** |

      Pursuant to Local Rule 17.1-1, this order sets a schedule for the case to promote a fair and expeditious trial and pretrial of this case.

      1.    This case will be tried to a jury commencing at **7:30 A.M. ON APRIL 25, 2016**. The final pretrial conference will be at **2:00 P.M. ON APRIL 20, 2016** . The remainder of this order sets the schedule leading up to these dates.

      2.    All motions must be brought by **DECEMBER 29, 2015**, except motions *in limine*, which will be heard at the final pretrial conference.

      3.    Rule 16(a)(1)(F) requires the government to allow inspection and copying of tests and experiments upon a defendant's request. Subpart (G) further requires the government to give the defense a written summary of opinion testimony to be used in its case-in-chief upon a defendant's request. This must include not only the opinions to be offered but the "bases and reasons for those opinions" and the qualifications of the experts. Reciprocally, if a defendant requests either of the foregoing, the defendant is obligated to provide the same items to the government upon request. Although the rule does not establish any deadlines for such

disclosures, the Advisory Committee Notes state that the disclosures are intended to provide the opponent with a fair opportunity to test expert trial testimony, to minimize surprise, and to reduce the need for continuances (*see*, *e.g.*, the 1993 Amendment notes). The note refers to the need for a fair opportunity to investigate the "merits" of the testimony as well as the "qualifications" of the expert. Rule 16(d)(2) authorizes preclusion for a failure to comply, among other remedies.

In order to achieve the objectives of the rule, it is necessary that sufficient lead time be built into the schedule while recognizing the competing demands on counsel. In order to trigger the disclosure obligations, defense counsel must make a written request within the meaning of Rule 16. This must be done within **FOURTEEN CALENDAR DAYS** of the appearance of defense counsel so that the government will be on notice of the need to disclose. If a timely request is made, then, unless a different schedule is set, the government must supply all required expert reports and summaries at least **28 CALENDAR DAYS** before the final pretrial conference and, upon government request, the defense must supply its expert reports and summaries at least **SEVEN CALENDAR DAYS** before the final pretrial conference. This will usually allow adequate time to review the material and to bring motions *in limine* as well as to prepare for the trial itself.

4. Please remember that Rule 16(a)(1)(G) and Rule 16(b)(1)(C) require disclosure not only of the opinions but also of "the bases and reasons for those opinions." as well as the witness's qualifications. Supplemental disclosures at the eleventh hour cannot automatically cure earlier deficient disclosures. Rule 16(d)(2) authorizes several alternatives, including preclusion, for inadequate or late or non-existent disclosures.

5. As for *non-expert* disclosures, Rule 16 requires both the government and the defense to disclose certain materials. Again, Rule 16(d)(2) authorizes preclusion as a sanction. All counsel must comply with Rule 16, Local Rule 16-1 and the *Brady* rule. Both sides must make their disclosures sufficiently in advance of the final pretrial conference so that all counsel will be able to prepare to meet the evidence and to raise any issues pertaining to it at the final pretrial conference.

6. For the final pretrial conference, please comply with Local Rule 17.1-1. All government exhibits should be identified by trial exhibit number for the case-in-chief in an exhibit list submitted for the conference. All defense exhibits for its case-in-chief should likewise be identified by trial exhibit number in an exhibit list, at least to the extent the exhibits are required to be disclosed under Rule 16(b). All motions *in limine* must be served and filed at least **FOURTEEN DAYS** before the conference with oppositions and replies filed as per Local Rule 47-2.

**IT IS SO ORDERED.**

Dated: October 29, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE